# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SHEILA LOCKHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:15-CV-445-PRC |
| | ) |
| TIMOTHY RASPOPTSIS, PRECISION | ) |
| PIPELINE, LLC, and MASTEC, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Bar Untimely Disclosures [DE 28], filed by Defendants on August 17, 2017. Because the parties were pursuing settlement, the Court extended the deadline for Plaintiff to respond to the motion to November 2, 2017. Plaintiff has not responded, and the time to do so has passed. The parties' November 20, 2017 joint status report recognizes that Plaintiff has not filed a response. Thus, the motion is ripe for ruling.

## BACKGROUND

This lawsuit was brought by Plaintiff to recover for injuries arising from an automobile accident that occurred on October 24, 2013. At the scheduling conference on February 2, 2017, the Court set Plaintiff's expert disclosure deadline for February 28, 2017, Defendants' expert witness disclosure deadline for May 15, 2017, and the expert discovery deadline for July 31, 2017. The fact discovery deadline was also set for July 31, 2017.

On February 28, 2017, Plaintiff disclosed four witnesses, including a medical expert, a wage loss expert, a life care expert, and a forensic medical expert. In light of the number of Plaintiffs' expert disclosures, Defendants requested and received an extension of their expert disclosure deadline to July 28, 2017. The fact discovery deadline was not extended. Subsequently, Defendants

filed a second motion for extension of time to serve expert witness disclosures based on Plaintiff's non-compliance with outstanding discovery requests. As of July 20, 2017, Defendants were still awaiting answers from Plaintiff to their First Supplemental Set of Interrogatories, served almost a year earlier on July 26, 2016, as well as to Defendants' requests to produce the expert files for Plaintiff's four disclosed experts. Defendants had also been waiting for supplemental medical records and bills after repeatedly requesting the information from Plaintiff's counsel. On July 21, 2017, the Court extended Defendants' expert disclosure deadline to August 18, 2017. The July 31, 2017 fact discovery deadline was not extended.

Previously, on June 16, 2017, Defendants requested that Plaintiff answer the outstanding discovery, and made the same request again on June 30, 2017. Plaintiff did not answer the discovery by that deadline. It was not until August 3, 2017, two weeks before Defendants' expert disclosures were due and after the discovery deadline that Plaintiff provided answers to Defendants' First Supplemental Interrogatories (originally served on July 26, 2016). In addition, Plaintiff served over 300 pages of supplemental medical records and bills, including a cervical spine injection on April 26, 2017, and ten additional doctor's visits. The records also included new medical records dating back to April 2014. Finally, Plaintiff provided the name of a treater, Dr. Brazley, who had not previously been disclosed.

Counsel for Defendants was out of the country from August 6, 2017, to August 11, 2017, with no access to email and, thus, did not have knowledge of the new records until she returned to the office on August 14, 2017. Counsel for Defendants represents that, had she had access to her email, she would reviewed the records prior to August 14, 2017.

**ANALYSIS**

In the instant motion, Defendants ask the Court to exclude all of the records disclosed on August 3, 2017, as well as any testimony of Dr. Brazley. Federal Rule of Civil Procedure 37(c)(1) provides, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts consider several factors when deciding whether non-compliance with Rule 26(a) is harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

First, Federal Rule of Civil Procedure 26(e) requires that a party supplement any disclosures or responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). The medical records and bills disclosed by Plaintiff on August 3, 2017, were not timely disclosed in light of the several requests made by Defendants as well as Defendants' impending expert disclosure deadline. Plaintiff has not responded to this motion and, thus, has not offered any justification for the delay, nor has Plaintiff argued that the late disclosure is harmless. Defendants are prejudiced by the late disclosure because they did not have an opportunity to conduct additional discovery based on the disclosures, despite having requested the discovery well before the discovery

deadline. In addition, Defendants' experts did not have an opportunity to review these records prior to giving their opinions. Defendants should not incur the cost of obtaining supplemental reports from their experts because of Plaintiff's late disclosure.

Second, Federal Rule of Civil Procedure 26(a)(2)(C) requires that, for experts who are not required to provide a written report, a party must disclose the expert by stating the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Disclosure must be made "at the times and in the sequence that the Court orders." Fed. R. Civ. P. 26(a)(2)(D). Defendants seek the exclusion of Dr. Brazley's testimony because Plaintiff did not timely disclose him. Plaintiff began treating with Dr. Brazley on January 3, 2017. Thus, Plaintiff knew of Dr. Brazley prior to her February 28, 2017 expert witness disclosure deadline and could have disclosed him by the deadline. Moreover, Plaintiff did not disclose Dr. Brazley until August 3, 2017, when Plaintiff knew in February 2017 that Defendants' expert disclosure deadline was originally May 15, 2017, and later that the deadline was extended to August 18, 2017. Having filed no response to this motion, Plaintiff has offered no argument as to why the late disclosure of Dr. Brazley is either harmless or substantially justified. Defendants were both surprised and prejudiced by the late disclosure given that their experts had already begun forming their opinions for disclosure by the August 18, 2017 deadline.

The Court finds that Plaintiff's August 3, 2017 discovery disclosures were untimely and that the failure to make timely disclosures was neither substantially justified nor harmless. Accordingly, under Rule 37(c)(1), Plaintiff is not allowed to use the discovery disclosed on August 3, 2017, including any testimony of Dr. Brazley.

4

## CONCLUSION

Accordingly, the Court hereby **GRANTS** the Motion to Bar Untimely Disclosures [DE 28]. The Court **STRIKES** Plaintiff's August 3, 2017 disclosure of records and bills and of Dr. Brazley and **ORDERS** that Plaintiff is barred from using the records and bills disclosed on August 3, 2017, as well as any testimony of Dr. Brazley.

SO ORDERED this 21st day of November, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT